SiNNOtt, Judge,
delivered the opinion of the court:
On the 4th day of February, 1927, plaintiff entered into a contract with the United States, represented by Captain W. F. Volandt as contracting officer, whereby plaintiff un *208 dertook to erect within 90 calendar days from said date eighteen bays of craneway “ on foundations now under construction at Wright Field,” Dayton, Ohio. At the time of the submission of his bid for the work to be done the plaintiff had no knowledge as to the then condition of the foundation.
He was tendered the contract on February 2, 1927, and on that date he examined the site of the work and ascertained that the foundations had not been built and that no work had been done thereon. Before signing the contract the plaintiff conferred with Captain Volandt, the contracting officer, and was informed by him that his time would begin to run from the date the foundations were completed and ready for work to begin.
The plaintiff transmitted four signed copies of the contract to the contracting officer on February 4, 1927, and in the final paragraph of the letter of transmittal stated:
“We thank you very much for this contract and will keep in touch with the job so as to be ready to start the erection of the structural steel as soon as the foundations are ready.”
It was not until February 7, 1927, that a contract was entered into between the United States and M. E. White Company, of Chicago, Illinois, for the excavation of the foundations and for the construction of the concrete footings upon which the bays of craneway were to be erected by the plaintiff. That, contract called for the completion of the work to be done thereunder within forty-five calendar days from the date of that contract.
On April 4, 1927, a letter was written by Captain- W. F. Yolandt, the contracting officer, to the plaintiff'in regard to the contract in question, paragraph 2 of which letter is as follows:
“ 2. The contract for foundation work will be finished on April 7, 1927, which date will be considered as the beginning of your ninety-day period.”
The plaintiff began work promptly after April 7, 1927, and completed the same on June 22, 1927, or within less than 90 days.
On completion of the work the contracting officer accepted the same and certified the work as complete and ready for *209 payment. There was no question or dispute between the plaintiff and the contracting officer as to the manner or time of completion. The finance officer, however, in making payment deducted and withheld the sum of $1,200 as for a delay of 48 days in completion at the rate of $25 per day, which deduction was made as liquidated damages under Article V of the contract.
The contractor, through the commanding officer, made claim for payment of the sum so withheld, and the General Accounting Office allowed a refund amounting to $350, but refused payment of the balance, amounting to $850, the amount sued for herein.
We see no justification for withholding this amount from plaintiff. The first sentence of Article HI of the contract is as follows:
“ The Government may by a written order to the contractor, signed by the contracting officer at any time during the performance of this contract, make reasonable changes in the drawings, specifications, conditions of delivery, and/or any other provisions in this contract.”
The contracting officer, Captain W. F. Yolandt, as is shown in Finding III, notified the plaintiff in writing that the foundation work would be finished on April I, 1927, and that that date would be considered as the beginning of the 90-day period. In pursuance of said notice the plaintiff promptly began work and completed it on June 22,1927, within less than 90 days.
Judgment should be awarded in favor of plaintiff. It is so ordered.
GüeeN, Judge, and Booth, GMef Justice, concur.
Geaham, Judge, took no part in the decision of this case; and Moss, Judge, took no part, on account of illness.